IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICIA DUROSE** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:04CV823** |
| | § | |
| **GRAND CASINO OF MISSISSIPPI, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SUMMERY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [48] filed by Defendant Grand Casino of Mississippi, Inc. (the "Grand") in this Family Medical Leave Act case. Plaintiff has filed a response and the Defendant a reply. After due consideration of the submission and the relevant law, it is the Court's opinion that Defendant's Motion should be granted.

DISCUSSION

Plaintiff Patricia Durose ("Durose") was employed by the Grand for approximately eleven years when she suffered a fall and requested leave under the Family Medical Leave Act ("FMLA") on March 27, 2003. Because she had used FMLA leave time within the last 12 months, Durose was informed that she had only 32 days of FMLA leave remaining. (Def. Exh. 39, pg. 3). Durose received a letter from Laura McCool, benefits administrator for the Grand, dated April 4, 2003. (Def. Exh. 35; Pl. Depo. pgs. 195-96). This letter indicated that Durose's FMLA leave was approved to begin March 27, 2003 and terminating April 17, 2003.

On April 9, 2003, Durose and the Grand received a note from her physician requesting that the Grand "excuse" her from working through April 29, 2003 - beyond the date of Durose's approved FMLA leave. (Def. Exh. 9). Durose discussed her options with Ms. McCool, who

advised Durose to fill out the paperwork required for additional FMLA leave (Pl. Depo. Pg. 116) and the paperwork to request personal leave time in case Durose was not able to return to work on April 29. (Pl. Depo. Pgs. 116-17, 131). Durose submitted the required paperwork sometime during the week of April 14, 2003, requesting three weeks of personal leave beginning April 29, 2003. (Pl. Depo. Pgs. 119-20). Durose received a letter dated April 10, 2003 from Ms. McCool, informing her that FMLA leave was approved to begin on March 27, 2003, and extend until May 28, 2003. Durose was to be prepared to return to work on May 29, 2003, provided that she submitted a work release from her physician. (Pl. Exh. 4; Def. Exh. 10). The letter was in error, because Durose's FMLA leave actually expired on April 28, 2003. (McCool Depo., pgs 15-17). Durose's request for personal leave was not approved, and she was terminated on April 30, 2003 when she failed to return to work after her FMLA leave expired on April 29. (Pl. Exh. 6). Durose's physician released her to return to work slightly more than a month later, on June 5, 2003. (Def. Exh. 33, 41).

Plaintiff Durose's claims arise from the "promise" contained in the April 10, 2003 letter that Durose's FMLA leave extended through May 28, 2003. She contends that the Grand breached its policy under the FMLA by terminating her when she "needed to avail herself of this family leave;" (Pl. Compl. Pg. 3), a cause of action she labels breach of contract. Plaintiff also claims "breach of promissary estoppel," in that she relied upon the promise in the April 10, 2003 letter extending her FMLA leave to May 28, 2003, to her detriment. *Id.* All of these claims are subsumed by Plaintiff's last claim: that she was terminated in violation of the FMLA. *Id.*, pg. 4. Durose denies that she is bringing a retaliation claim. *See* Pl. Memo. Resp. to Def. Mtn. Summ. Judg., pg. 4.

ANALYSIS OF PLAINTIFF'S CLAIMS:

Under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, "employers have a prescriptive obligation [] - they must grant employees substantive rights guaranteed by the FMLA - and they have a proscriptive obligation - they may not penalize employees for exercising these rights." *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999). Durose does not claim that she was penalized for exercising her FMLA rights. Instead, her claims invoke her prescriptive rights, because she contends that the Grand denied her a substantive entitlement under the FMLA.

"The analysis for a substantive rights claim is straight-forward: whether the plaintiff has established that she is entitled to the benefit she claims. The employer's intent is irrelevant in the analysis." *Maldonado v. Frio County, Tex.* 2004 WL 1303661, *4 (W.D.Tex. 2004), citing *Chaffin*, 179 F.3d at 319. In this case, Plaintiff has not shown that she is entitled to the benefit she seeks.

Alternatively, even assuming that the Grand's error in informing Durose that she was entitled to FMLA leave through May 28, 2003 created an entitlement or enforceable promise for more FMLA leave than required by the Act, Durose could not have returned on May 29, 2003. It is undisputed that her physician did not release her to work until June 5, 2003. (Def. Exh. 33, 41); *See Kelso v. Corning Cable Systems Int'l* Corp., 224 F.Supp.2d 1052 (W.D.N.C. 2002) (FMLA rights not prejudiced by employer's error in leave calculation when plaintiff received the statutory 12 weeks and was medically unable to return to work); and *Godwin v. Pier 1 Imports (US), Inc.*, 2000 WL 1029110, *3 (5th Cir. 2000).

For these reasons, the Court finds that Plaintiff has failed to show that there is a question

of material fact for the jury. Defendant is therefore entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [48] filed by Defendant Grand Casino of Mississippi, Inc. is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE